IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL A. MODINE                                    CV 06-6061-MA

       Plaintiff,                               OPINION AND ORDER

v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

       Defendant.


KATHRYN TASSINARI
BRENT WELLS
Harder, Wells, Baron & Manning, P.C.
474 Willamett<sup>e,</sup> Suite 200
Eugene, OR 97401
(541) 686-1969

       Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1  - OPINION AND ORDER

DAVID R. JOHNSON
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2545

      Attorneys for Defendant

MARSH, Judge.

      Plaintiff filed a civil action for judicial review of the Commissioner's final decision denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33.  He alleges the Administrative Law Judge (ALJ) erred in finding he is not disabled and seeks an order reversing the Commissioner's decision and remanding the matter for an award of benefits.  The Commissioner contends her decision is based on substantial evidence and is free from legal error and, therefore, requests the Court to affirm her decision.

      This court has jurisdiction pursuant to 42 U.S.C. § 405(g).  For the following reasons, the final decision of the Commissioner is AFFIRMED and this matter is DISMISSED with prejudice.

## DISCUSSION

      Plaintiff was 53 years old at the time of his hearing in October 2004.  He served on active duty in the United States Navy from September 1969 until April 1970, when he was discharged under honorable conditions after a determination was made that he was unsuitable for reenlistment because of a character disorder

2 - OPINION AND ORDER

that included "a passive-aggressive personality with anti-social traits."  Tr. 657.

Plaintiff completed three years of college during which he studied nursing.  His past relevant work includes jobs involving substantial gainful activity as a Controls System Engineer/Designer in the engineering and construction field, electrical contractor, and instruments control specialist.  After July 31, 2001, the date he alleges he became disabled, plaintiff worked a few hours a week in a photography shop owned by his son, answering telephones and offering business advice.  This work did not amount to substantial gainful activity.

Plaintiff alleges he is disabled because of arthritis, hepatitis C, visual impairment including temporary loss of vision, dizzy spells, loss of memory, chronic obstructive pulmonary disease, severe headaches, and depression.  He has a past and more recent history of alcohol abuse, and use of marijuana which has been facilitated by a medical marijuana card prescribed by a non-treating physician.

Effective June 1, 2003, the Veterans Administration (VA) awarded plaintiff non-service connected disability in the amount of $1,347 per month after finding he was blind.  The VA found his visual impairment was "rated at best corrected 20/400 in each eye."  Tr. 159.

The overriding issue in this case is whether the ALJ erred in finding plaintiff's credibility was "nil," resulting in his refusal to credit the VA's determination and separate disability opinions by treating neurologist, Karen A. Dellinger, M.D., and examining psychologist, Gary Monkarsh, Ph.D.  I find no error.

**Legal Standards**

Burden of Proof.

The claimant has the burden of proving he is disabled by demonstrating he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996)

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports

or detracts from the Commissioner's decision.  <u>Martinez v.</u>
<u>Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's
decision must be upheld, however, even if the "evidence is
susceptible to more than one rational interpretation."  <u>Andrews</u>,
53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record.
<u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991). The duty
to further develop the record, however is triggered only when
there is ambiguous evidence or when the record is inadequate to
allow for proper evaluation of the evidence.  <u>Mayes v. Massanari</u>,
276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or
for immediate payment of benefits is within the discretion of the
court.  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.), <u>cert</u>.
<u>denied</u>, 121 S. Ct. 628 (2000).  "If additional proceedings can
remedy defects in the original administrative proceeding, a
social security case should be remanded."  <u>Lewin v. Schweiker</u>,
654 F.2d 631, 635 (9th Cir. 1981).

<u>Claimant's Credibility</u>.

A claimant who alleges disability based on subjective
symptoms "must produce objective medical evidence of an
underlying impairment 'which could reasonably be expected to
produce the pain or other symptoms alleged. . . .'" (the <u>Cotton</u>

test).  <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 344 (9th Cir. 1991)

(quoting 42 U.S.C. § 423(d)(5)(A) (1988)); <u>Cotton v. Bowen</u>, 799

F.2d 1403, 1407-08 (9th Cir. 1986).  The claimant need not

produce objective medical evidence of the symptoms or their

severity.  <u>Smolen v. Chater</u>, 80 F.3d 1276, 1281-82 (9th Cir.

1996).

     If the claimant meets the <u>Cotton</u> test and there is no

affirmative evidence of malingering, the ALJ must provide clear

and convincing reasons for rejecting the claimant's testimony

regarding the severity of his symptoms.  <u>Dodrill v. Shalala</u>, 12

F.3d 915, 918 (9th Cir. 1993).  <u>See also Smolen</u>, 80 F.3d at 1283.

To determine whether the claimant's subjective testimony is

credible, the ALJ may rely on (1) ordinary techniques of

credibility evaluation such as the claimant's reputation for

lying, prior inconsistent statements concerning the symptoms,

and other testimony by the claimant that appears less than

candid; (2) an unexplained or inadequately explained failure to

seek treatment or to follow a prescribed course of treatment;

and (3) the claimant's daily activities.  <u>Id</u>. at 1284 (citations

omitted).

     <u>Crediting Physical/Mental Disability Opinions</u>.

     "An ALJ may reject the uncontradicted medical opinion of a

treating physician only for clear and convincing reasons

6 - OPINION AND ORDER

supported by substantial evidence in the record." <u>Reddick v. Chater</u>, 157 F.3d 715, 725 (9th Cir. 1998).  If a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight.  An ALJ may reject the uncontradicted medical opinion of a treating physician only for "clear and convincing reasons supported by substantial evidence in the record."  <u>Id.</u>

**The ALJ's Disability Analysis.**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; <u>see also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987). The claimant bears the burden of proof at steps one through four. At step five, the burden shifts to the Commissioner.  <u>See Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each step is potentially dispositive.

Here, at step one, the ALJ found plaintiff had not engaged in substantial gainful activity since the onset of his alleged disability.  20 C.F.R. § 404.1520(b).

At step two, the ALJ found plaintiff suffers from hepatitis C, functional vision loss, fibromyalgia, diabetes, depression by history, a somatoform disorder, and alcohol and marijuana abuse, that are considered severe physical and mental impairments within

the meaning of 20 C.F.R. §§ 404.1520(c)(an impairment or
combination of impairments is severe if it significantly limits
an individual's physical or mental ability to do basic work
activities).

At step three, the ALJ found plaintiff's impairments did not
meet or equal "one of a number of listed impairments that the
[Commissioner] acknowledges are so severe as to preclude
substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(iii).
The ALJ also found claimant's allegations regarding his
functional limitations were not credible for the reasons stated
in the body of his decision.  As such, he found plaintiff was
capable of lifting and carrying 20 pounds occasionally and ten
pounds frequently, and standing, walking, or sitting for six
hours in an eight-hour day.  Plaintiff should not use ladders,
ropes, and scaffolds, should avoid hazards, should limit his
interaction with the public, should not use fine visual
discrimination or full field vision, and should not have frequent
or forceful communication.

At step four, the ALJ found plaintiff was not able to
perform his past relevant work.

At step five, the ALJ found plaintiff has transferable
skills from his past relevant work and has the residual
functional capacity to perform a significant, if not full, range

of light work in jobs that exist in significant numbers in the national economy.  Accordingly, the ALJ found plaintiff was not disabled.  20 C.F.R. §§ 404.1520(f).

**Plaintiff's Arguments.**

It is noteworthy that plaintiff does not directly challenge the ALJ's finding that his description of the extent and severity of his physical and mental impairments lacks credibility.  His arguments, instead, focus on the ALJ's failure to credit the VA disability finding and the disability opinions of a treating and an examining physician.  I conclude, however, that plaintiff's credibility goes to the heart of the VA finding and the disability opinions.  I also find the ALJ gave clear and convincing reasons for disbelieving both plaintiff's testimony and his subjective complaints as described to his various medical providers.  Throughout his opinion, the ALJ cited specific inconsistencies in plaintiff's medical and employment histories that severely compromise plaintiff's credibility.  The ALJ then succinctly summarized them:

> [T]his is a claimant who acknowledges
> drinking but denies drinking; reports needle
> sharing with a person known to have hepatitis
> C, but denies and (sic) IV drug history and
> believes that he contacted hepatitis C from
> air gun vaccinations while in the military;
> is unable to function and requires assistance
> with physical tasks, but does painting and
> tile work to ready a house for sale; reports

> injury due to saturation diving as a Navy
> Seal but was never a Navy Seal and did no
> saturation diving and had a total active
> service time of 6 months and 13 days; who
> does not abuse marijuana but uses it daily;
> who allegedly has a medical marijuana card
> signed by other than his primary medical
> provider; and who is blind, but is able to
> read single spaced typed print in poor
> lighting with only his reading glasses.  This
> print is of the same variety as that which he
> has highlighted and written comments on
> through much of the record.  The inconsis-
> tencies, contradictions, and untruths
> exhibited by the claimant show that his
> credibility is nil.

Tr. 20.  I find there is substantial evidence in the record to

support this summary and the ALJ's resulting evaluation of

plaintiff's credibility.  Accordingly, I address plaintiff's two

principal arguments in that context.

     The VA Disability Determination.

     A VA disability determination "does not necessarily compel"

the ALJ "to reach an identical result," but he "must give great

weight" to that determination.  McCartey v. Massanari, 298 F.3d

1072, 1076 (9th Cir. 2002).  The ALJ, however, "may give less

weight to a VA disability rating if he gives persuasive,

specific, valid reasons for doing so that are supported by the

record."  Id.

     As noted, the VA determined plaintiff is disabled because of

blindness.  The VA concluded the "evidence shows a swift

progression of vision loss over the period from May of 2002

through March of 2003," which compromised plaintiff's "mobility and render[ed] him in need of aid and assistance in performing daily activities."  Tr. 159-60.

There is no dispute plaintiff has functional vision loss with no objective findings to explain the reasons for or the extent of the loss.  <u>See</u> Reports of Opthamologist U.J. Berzins, M.D. (Tr. 370), Neuro-Opthamologist Richard A. Egan, M.D. (Tr. 374-75), and Professor of Opthamology and Molecular and Medical Genetics, Richard G. Weleber, M.D. (Tr. 405-06).

The ALJ noted Dr. Egan's diagnosis was accompanied by a finding of "possible malingering."  Tr. 377.  The ALJ also noted specific incidents that suggest plaintiff's vision loss is not as severe as he claims.  For instance, in July 2003, plaintiff met with Linda Grogan, PMHNP, for a VA psychiatric consultation. Nurse Grogan noted plaintiff complained he was "unable to read" but in low light, "when he put on his glasses he was able to read single spaced typed medical report aloud to this listener with accuracy."  Tr. 18, 558-59.  In March 2004, Social Worker Mary Beth Rothengass, LCSW, who also worked with plaintiff on behalf of the VA noted he was able to make eye contact with her "despite his report of blindness," and on another occasion, recognized her as she entered the lobby and walked over to her before she called his name.  Tr. 19, 477.  The ALJ also noted plaintiff had the

11 - OPINION AND ORDER

ability to highlight and write comments on much of the record considered by the ALJ notwithstanding his alleged inability to read. Tr. 20.

Finally, there is no indication the VA considered the possibility plaintiff might be exaggerating the extent of his vision loss.

On this record, and in light of the other substantial evidence supporting the ALJ's finding that plaintiff's credibility as a whole is "nil," I conclude the ALJ did not err in failing to give great weight to the VA's disability determination.

Treating Neurologist, Karen A. Dellinger, M.D.

In February 2003, Dr. Dellinger opined that plaintiff was disabled because of his neurologic findings and neurologic complaints, including spasmodic dysphonia, intention tremor, lightheadedness and dizziness, coordination problems, vision problems consisting of tunnel vision with a shallow depth field, and photophobia with migraines.  Tr. 396.

The ALJ did not credit Dr. Dellinger's disability opinion, because plaintiff had given her a false work history and an inaccurate description of his past drug and alcohol abuse. Tr. 17.  In addition, the ALJ noted Dr. Dellinger's puzzlement as to plaintiff's neurologic complaints "when the normal MRI, spinal tap, and nerve conduction studies are considered."  The

ALJ also noted  Dr. Dellinger's suspicion that plaintiff might be embellishing his wide based gait.  Tr. 17, 396-98.

I find the ALJ stated clear and convincing reasons for refusing to credit Dr. Dellinger's disability opinion, especially in light of the other substantial evidence regarding plaintiff's lack of credibility.

Examining Psychologist, Gary Monkarsh, Ph.D.

Dr. Monkarsh evaluated plaintiff's psychiatric condition and diagnosed schizoaffective disorder - depressed type, cannabis dependence, alcohol dependence in remission.  Dr. Monkarsh assigned a GAF score of 45, indicating a serious emotional impairment.  Tr. 450.  Dr. Monkarsh concluded plaintiff was "not unemployable due to his mental disorder alone" but was disabled "due to the combination of his physical and psychiatric disabilities."  Tr. 449.

Although the ALJ did not specifically address Dr. Monkarsh's disability determination, he noted plaintiff told Dr. Monkarsh he had been a "support driver" in the military, which is not true, and that plaintiff made "good eye contact and [showed] no evidence of cognitive impairment or other psychological symptoms involving thought process or communication."  Tr. 19, 448-50. The ALJ also referred to a physical examination conducted by Allen Doyle, M.D., on the same day as the examination by Dr.

13 - OPINION AND ORDER

Monkarsh, in which Dr. Doyle noted the different histories given by plaintiff in relation to his VA disability claim. Dr. Doyle noted "it is difficult to determine which is accurate, but it should be noted that histories given to the V.A. were associated with secondary gains to be had from a history not involving I.V. drug use." Tr. 447.

On this record, I find the ALJ gave clear and convincing reasons for not crediting Dr. Monkarsh's disability opinion, particularly in light of Dr. Monkarsh's finding that plaintiff was not disabled by virtue of his mental impairments alone, but only when those impairments were considered in combination with plaintiff's physical impairments, the validity of which depended on plaintiff's credibility as a whole.

On this record, I conclude the ALJ did not err in finding plaintiff was not disabled and the Commissioner did not err in denying his claim for disability insurance benefits.

## CONCLUSION

For these reasons, the final decision of the Commissioner is AFFIRMED and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this  4 day of January, 2007

                                        /s/  Malcolm F. Marsh
                                          Malcolm F. Marsh
                                    United States District Judge

14 - OPINION AND ORDER